**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

TRACY LYNN COWAN,

        Petitioner,

v.                                    Case No. 06-CV-13846

CLARICE STOVALL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO**
**DIRECT RESPONDENT TO COMPLY WITH RULE 5, DENYING PETITIONER'S**
**MOTION FOR AN EVIDENTIARY HEARING AND DENYING PETITIONER'S MOTION**
**TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the court are the following motions of Petitioner Tracy Lynn Cowan: "Motion to Direct Respondent to Comply with Rule 5," "Motion for Evidentiary Hearing" and "Motion to Amend Petition for Writ of Habeas Corpus to Supplement Claims Already Raised and to Add New Claims/Alternatively Allow Petitioner to Return to State Court Seeking Relief and Hold Present Petition in Abeyance." On August 29, 2006, Petitioner filed an application for writ of habeas corpus with this court pursuant to 28 U.S.C. §2254. Respondent filed an answer on March 27, 2007, however no responses have been filed with respect to the above referenced motions. For the reasons stated below, the court will deny each of Petitioner's motions.

**I. BACKGROUND**

This case arises from a controlled narcotics purchase involving the use of an informant, Shannon Portis. One of the sources of cocaine was Petitioner's residence on

Appoline Street in Detroit. After law enforcement monitoring of the Appoline home, an affidavit and warrant were obtained and a search of the premises was executed. Additional narcotics, drug paraphernalia and firearms were seized. Petitioner and Terrell Bell were initially charged and bound over for trial. Tamir Bell was also a co-defendant in this matter, however, he is not a named party defendant in these trial proceeding. (7/8/03 Tr. at 161.) At some point during the prosecution of this case, Tamir Bell entered into a plea arrangement, where he pled guilty. After Terrell Bell's jury[1] was sworn but before the start of trial, he entered into a plea agreement and also pled guilty. (*Id.* at 152, 154-55.) After a jury trial in Oakland County Circuit Court, Petitioner was convicted of possession with intent to deliver more than 650 grams of cocaine, possession with intent to deliver marijuana and two counts of felony firearm.

Petitioner has raised the following three issues for habeas review:

I. The trial court erred in denying defendant's request for a *Franks* hearing, and in denying her motion to suppress the evidence which was discovered as the result of the execution of the search warrants in this case.

II. Defendant's federal and state constitutional rights to the effective assistance of counsel were violated where she was prejudiced by her lawyer's failure to perform at an objective standard of reasonable competence.

III. The trial court erred in declining to sentence defendant pursuant to the amended narcotics statutes where defendant was not convicted until after the effective date of those amendments.

After Respondent filed its answer to the habeas petition, Petitioner filed motions

---

[1]A motion to sever the trial of Petitioner and Mr. Terrell Bell was filed. The trial court denied the request for separate trials, however, it ruled that separate juries was warranted. (2/19/03 Tr.)

(1) to expand the record, (2) for an evidentiary hearing and (3) to amend her habeas petition.

## II. DISCUSSION

### A. Rule 5 Materials

An appropriate response from a respondent to a request for responsive pleadings and for Rule 5 Materials is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts and any post-conviction pleadings and decision. *Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D. Wis. 1996). Rule 5 provides that the answer:

> must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retro-activity, or a statute of limitations . . . [and] indicate that transcripts (of pre-trial, trial, sentencing , or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.

Habeas Rule 5(b).

Rule 7(a) of the rules governing §2254 cases, 28 U.S.C. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional material relevant to the determination of the merits of the petition." "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Habeas Rule 7(b). The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." 28 U.S.C.

§2254 (Rule 7, advisory committee notes); *see also Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir. 2002). A federal district judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision of whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *See Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir. 1988).

Petitioner seeks to expand the record before this court to include the following: (1) Shannon Portis' statements, sentencing and plea transcripts, (2) Tamir Bell's statements, sentencing and plea transcripts, (3) a transcribed copy of Petitioner's videotaped interrogation, (4) a transcribed copy of the audio cassette of the videotaped interrogation, (5) a copy of Petitioner's motion to remand and brief filed with the Michigan Court of Appeals, (6) a copy of all police reports with respect to the search of Petitioner's home and (7) a more detailed index of Rule 5 Materials filed with the court.

### 1. Portis and Bell Materials

Addressing the Portis and Bell transcripts and documents, since Portis was the confidential informant in this mater and Bell was a co-defendant until he entered into a plea agreement, Petitioner believes that there is a "strong possibility" and a "real possibility" that material within the transcripts and documents concerning Portis and Bell "could be used to exonerate" her from the charges with which she has been convicted. Petitioner also asserts that the Portis materials are relevant evidence in support of her Fourth Amendment claims. Finally, Petitioner contends that the requested documents

4

will call into question the credibility of Portis's testimony.

The court finds that these documents should not be used to expand the record for three reasons. First, none of the requested Portis and Bell materials were admitted as evidence at trial. Federal Rule of Appellate Procedure 10(e) permits the supplementation of a record when the formal record omits matters considered by the trial court. Fed. R. App. P. 10(e)(2) prohibits adding evidence not considered by the trial court. *Inland Bulk Transfer Co., v. Cummins Engine Co.,* 332 F.3d 1007, 1012 (6th Cir. 2003); *S & E Shipping corp.. v. Chesapeake & O.R. Co.*, 678 F.2d 636, 641 (1982). This court's proper function is to review the state court's decision on the basis of the record that was before the state courts. *Tenenbaum v. Caldera,* 135 F.Supp. 803, 804 (6th Cir. 2001).

Second, Petitioner is seeking to expand the record with these documents in order to further challenge the veracity of Portis's testimony and to confirm her speculation that these documents will demonstrate Petitioner's innocence. Expansion of the record must not undermine the presumption of correctness of any factual findings made by the state court. *Ford*, 841 F.2d at 691; §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct."); *see also Cremens v. Chaplan,* 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.") Therefore, it would be improper to expand the record to include documents that would be used for making a credibility determination relative to Portis's testimony. Moreover, Rule 7 does not provide for expansion of the record to include documents

upon which production is based on speculation relative to its contents.  Rather Rule 7 provides for the production of materials that are relevant to the resolution of the petition.

Third, Petitioner claims that the requested materials, as they relate to Portis, will support her Fourth Amendment claim.  Petitioner does not explain the possible relevance of these materials except to imply that Portis may be the reason the search warrant in this case was defective.  Upon review of Petitioner's Fourth Amendment claim, the court finds that it is without merit under the *Stone v. Powell* doctrine.  *Stone v. Powell,* 428 U.S. 465 (1976).  In *Stone v. Powell,* the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim.  *Id.* at 489;  *see also Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000).

In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the present case must not have been frustrated by failure of that mechanism.  *See Gilbert Parke*, 763 F.2d 821, 8323 (6th Cir. 1985) If these two inquires are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state court determination of the claim to have been in error. *Id.* at 824.

In the present case, the court does not find that Petitioner has satisfied either prong of the standard.  First, it is undisputed that Michigan has a state procedural mechanism, which in the abstract presents a full opportunity to raise a Fourth Amendment claim before trial.  Second, the record does not support the conclusion that

6

presentation of her Fourth Amendment claim was somehow frustrated due to a failure of the state's mechanism.  Therefore, expanding the record to support Petitioner's Fourth Amendment claim is not warranted.

## 2. Audiotape and Videotape

Petitioner also asserts that a transcribed copy of an audiotape and a videotape of Petitioner's interrogation should be included in the record.  Regarding the audiotape, the record does not reflect the discussion or admission of such an exhibit.  In Petitioner's motion to compel discovery, defense counsel requested a transcript of the videotaped police interrogation interview involving Petitioner and her daughter due to the poor quality of the tape that was already in her possession.  (3/19/03 Tr. at 3.)  After discussion on the record about the matter, the parties agreed to meet within seven days after the hearing to view the original and copy of the videotape together and try to resolve whatever audio and visual issues remained about the videotape.  (*Id.* at 5.)  Although Petitioner states that it is her understanding that there is a reference to an audiotape in the discovery motion hearing , a review the record indicates otherwise.  Therefore, for reasons already stated, the court will not supplement Rule 5 Materials with exhibits that do not exist and therefore, could not have been part of the trial court record.

As for a transcription of the videotape, following the above referenced motion hearing, the issue of its admission did not arise again until during trial.  The discussion was no longer about the quality of the tape, but rather about portions of the tape that were inadmissible in accordance with the Federal Rules of Evidence and Michigan statutory law.  (7/8/03 Tr. at 331.)  Without objection, it was agreed that the inadmissible

portions would be muted during the jury's viewing of the tape. (*Id.*) During Detective the testimony of Kevin Cronin, who conducted the videotaped interview, the jury viewed the entire tape with the agreed upon portions muted. (*Id.* at 349-50.) The videotape was approximately forty minutes in length. Petitioner asserts that because the videotape was not viewed in its entirety, the videotape was not a true representation of the interview. Accordingly, Petitioner has requested that a complete transcript of the videotaped interrogation be made a part of the record.

The court will deny Petitioner's request. First, the record is clear that only inadmissible portions of the videotape were muted. *Id* at 331. Therefore, the jury heard the substance of Petitioner's statements and were able to observe her as she was providing her statement. In addition, for reasons previously stated, the court will not review statements that the trial court ruled were inadmissible and that were not subject to review by the jury.

### 3. Motion to Remand and Supporting Brief on Appeal

Petitioner filed a motion to remand and supporting brief in the Michigan Court of Appeals, alleging ineffective assistance of counsel. Petitioner requested an evidentiary hearing pursuant to *People v. Ginther,* 212 N.W.2d 922(1973). Petitioner requests that these pleadings be added to the record. Upon review of the record, the court finds that Petitioner's remand motion and brief in support were field by the Respondent with the Rule 5 Materials on April 23, 2007. Therefore, Petitioner's motion to expand the record with respect to the remand motion and brief is unnecessary.

### 4. Police Reports

Petitioner seeks to expand the record with any police reports relevant to this matter, particularly the "Narrative Report," which summarized the events leading up to, during and after the police raid on Petitioner's residence. The "Narrative Report" was filed with the Rule 5 Materials on April 23, 2007. Therefore, it is already a part of the record. The court will deny Petitioner's request to expand the record with police reports without indicating specifically what reports are being referenced, how they are relevant and whether the reports were submitted for the jury's review at trial.

### 5. Detailed Index of Rule 5 Materials

Petitioner seeks to expand the record by requiring the Respondent to file a more detailed Index of Record so that Petitioner may know exactly what has been filed. The purpose for expanding the record is to add "materials relevant to the determination of the merits of the petition." Habeas Rule 7(a). Requiring a more detailed index to be filed in this matter will not assist the court in resolving this matter. The court reviews the entire record when resolving habeas corpus issues. Therefore, although Petitioner would like a detailed index for her own personal reference, it is not required under Rule 7(a) of the governing §2254 cases. Accordingly, expansion of the record with a detailed index of the record is not warranted.

For these reasons, the court will deny Petitioner's "Motion to Direct Respondent to Comply with Rule 5."

### B. Evidentiary Hearing

Petitioner asserts that an evidentiary hearing is warranted in order to develop her Fourth Amendment and ineffective assistance of counsel claims.

9

### 1. Fourth Amendment

Petitioner contends that the trial court erred when it denied her motion for a *Franks*[2] hearing and her motion to suppress physical evidence. (2/19/03 Tr., at 27). Therefore, she maintains that an evidentiary hearing is necessary in order to properly develop his Fourth Amendment claims.

Case law provides that habeas review is not warranted where a state trial court's decision not to hold an evidentiary hearing on a Fourth Amendment claim was based on findings that Petitioner's factual allegations did not conflict with the police affidavits. *Smith v. Sherry,* 2005 WL 2649244 *4 (E.D. Mich. Oct. 14, 2005); *Mack v. Cupp,* 564 F.2d 898, 901 (9th Cir. 1977). Moreover, despite the fact that the trial and appellate courts denied Petitioner's request for a probable cause hearing, state procedures are still deemed to have been afforded Petitioner (i.e., full and fair opportunity to litigate an illegal arrest claim) when the hearing was denied on the ground of insufficient facts. *Williams v. Davis,* 2007 WL 184008 *4 (E.D. Mich. June 26, 2007) (citing *Gonzalez v. Superintendent Sullivan Correctional Facility,* 761 F.Supp. 973, 976 (E.D., N.Y. 1991)). The trial court ruled as follows:

> The court has considered the arguments of the parties and evidence presented and finds that affidavit for the search warrant provides a substantial basis for finding probable cause in this case. More specifically, the affidavit as a whole provides sufficient information so that a reasonably cautious person could conclude there was a substantial basis that objects sought would be found in [the Appoline] residence where the uncontested facts reveal that a confidential informant was taken to the [Appoline] residence for only a few minutes afer indicating a desire to buy cocaine and then taken back to another residence and sold cocaine.

---

[2] *Franks v. Delaware,* 438 U.S. 154 (1978).

> * * *
>
> Finally, the court finds no evidentiary hearing is required because the
> defendant has not shown any deliberate falsehood or reckless disregard
> for the truth in the affidavit. Defendant's motion is denied.

(3/26/03 Tr. at 11-12). The court thus finds that an evidentiary hearing is not warranted.

### 2. Ineffective Assistance of Counsel

Petitioner's motion for an evidentiary hearing for her ineffective assistance of counsel claim seeks to develop issues regarding defense counsel's alleged failure to (1) object to drug profile evidence, (2) object to improper opinion testimony of Detective Kevin Cronin and (3) prepare for trial. A federal court may not conduct an evidentiary hearing where the petitioner failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams v. Taylor,* 529 U.S. 362, 437 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by law." *Id.* In this case, Petitioner filed a motion to remand in the Michigan Court of Appeals for an evidentiary hearing on his ineffective assistance of counsel claims. The Michigan Court of Appeals denied the motion because Petitioner failed to filed the motion in the trial court as required in Michigan.

Petitioner states that this finding is erroneous because she requested an evidentiary hearing during the pre-trial process and her motion was denied. The court agrees that an evidentiary hearing motion was filed with the trial court. However, the motion request did not concern the issue of ineffective assistance of counsel, but rather involved Petitioner's Fourth Amendment claims. Therefore, there has been no

11

evidentiary hearing motion filing regarding the issue presently before the court.

In *Ginther,* 212 N.W.2d at 925, the Supreme Court of Michigan held that a criminal defendant should move for a new trial and seek to make a separate factual record in the trial court if the trial record does not cover the claims he wishes to raise on appeal. Because Petitioner failed to comply with the applicable state law, his effort to develop the factual record lacked diligence and he is not entitled to an evidentiary hearing on habeas review. *Accord White v. Cason,* 2006 WL763194 *13 (E.D. Mich. March 24, 2006). Therefore, Petitioner is precluded from developing the factual basis for her ineffective assistance of counsel claim at this stage of the proceedings, and the court's analysis of the ineffective assistance of counsel claim will be limited to the record before it. The court will therefore deny Petitioner's "Motion for Evidentiary Hearing."

### C. Amendment of Habeas Petition

Following Petitioner's convictions and sentence, she filed an appeal of right with the Michigan Court of Appeals. Petitioner's appeal was denied and her conviction was affirmed on January 20, 2005. *People v. Cowan,* No. 250838 (Mich Ct. App. Jan. 20, 2005). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which was also denied. *People v. Cowan,* 474 Mich. 855, 702 N.W.2d 579 (Table) (Mich. Aug. 30, 2005). Where a state prisoner has sought direct review of his conviction in the states highest court, but does not file a petition for certiorari with the U.S. Supreme Court, the one year statute of limitations period for seeking habeas review under 28 U.S.C. §2244(d)(1) begins to run not on the date that the state court entered judgment against the prison, but on the day that the ninety-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio,* 235 F.3d

12

280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final for the purpose of commencing the running of the one-year limitations period on November 30, 2005.

Petitioner filed the instant petition with the court on August 29, 2006, approximately three months before the statute of limitations period would have expired on November 30, 2006. On April 4, 2007, about five months after the limitations period expired, Petitioner filed her motion to amend habeas petition by adding new claims for habeas review.

The mandate of Fed. R. Civ. P. 15(a) that a court freely grant leave to amend when justice so requires has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States,* No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States,* No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). However, once the statute of limitations has expired, allowing amendment of a petition with additional ground for relief would defeat the purpose of the Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA). Therefore, because Petitioner's motion to amend her habeas petition was not filed until approximately five months after the limitations period expired, all the new grounds Petitioner proposed to add are time-barred,[3] unless Petitioner's proposed amendment relates back to her initial petition under the standards announced by the

---

[3] Petitioner has also failed to present any arguments in support of invoking the doctrine of equitable tolling under these circumstances. Because Petitioner bears the onus of proving the applicability of equitable tolling, the court finds that she has failed to meet that burden. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Supreme Court in *Mayle v. Felix*, 545 U.S. 644 (2005).

In Mayle, the Supreme Court held that when a petitioner seeks leave to amend the petition to add claims, after the expiration of AEDPA's one-year limitations period, the proposed amendment relates back to the original pleading only "if the original and amended pleadings "ar[i]se out of the same conduct, transaction or occurrence." *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). The Mayle Court further held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." Id. at 659. Relation back is permitted "only when the claims added by the amendment arise from the same core facts as the new claims depend upon events separate 'both in time and type' from the originally raised episodes." Id. at 657. A reviewing court must look to the facts from which the claims arise.

In this case, Petitioner's original petition addresses the following issues: (1) whether the trial court erred in denying Petitioner's motion to suppress the evidence and her request for a *Franks* hearing, (2) whether Petitioner received ineffective assistance of counsel and (3) whether the trial court erred in declining to sentence Petitioner pursuant to the amended narcotics sentencing statute where Petitioner was not convicted until after the effective date of those amendments. Petitioner seeks to add several new claims, which the court will address in turn below.

### 1. *Stone v. Powell*

Petitioner asserts that she did not address the above referenced *Stone v. Powell* issue in her original petition and seeks to argue how she was not afforded a full and fair opportunity to present her Fourth Amendment claim in state court. Although Petitioner's

14

first claim in her original petition certainly has a "common core of operative facts" with the *Stone v. Powell* claim as they both arise out of Petitioner's original Fourth Amendment claim, the court finds that additional factual development of this issue to be briefed in an amended pleading is not necessary. This issue is a procedural one. When a petitioner raises a Fourth Amendment claim the court as a matter of course conducts a *Stone v. Powell* analysis, which involves a review of the record as opposed to reviewing a recitation of facts. This is apparent in the court's above analysis when it reviewed Petitioner's Rule 5 Materials motion, *supra*. Therefore, the court declines to allow an amendment with respect to this issue.

### 2. Ineffective Assistance of Counsel

Within Petitioner's original habeas filing, she raises the issue of ineffective assistance of counsel specifically as it relates to defense counsel's (1) failure to object to drug profile evidence which was offered as substantive evidence of guilt, (2) failure to object to the improper opinion testimony of Detective Kevin Cronin that Petitioner was guilty, (3) failure to comply with the circuit court's discovery orders, (4) failure to be familiar with the facts of her case, (5) failure to elicit damaging testimony during his cross-examinations and (6) commission of a mistake in opening the door to other irrelevant prejudicial testimony.

Petitioner now seeks to add additional ineffective assistance of counsel claims relative to defense counsel's: (1) failure to timely move for the admission of the videotape, (2) failure to raise an alibi defense and investigate the theory or interview witnesses to corroborate the defense, (3) failure to object to prosecutorial misconduct and (4) failure to object to the prosecutor's neglect in not conducting prompt a pre-trial

15

investigation.

Although Petitioner raises ineffective assistance of counsel claims in her original petition and in her motion to amend, the alleged Sixth Amendment violations set forth in Petitioner's amendment pleading constitute new grounds for relief. These grounds for relief are supported by facts that differ in both time and type from the original ineffective assistance of counsel claims. Petitioner's new claims raise issues of alibi defense, prosecutorial misconduct, pre-trial matters and evidentiary issues. None of these issues were a part of the original petition. Moreover, these new ineffective assistance claims are based upon different facts than those raised the original habeas petition. There was no need to probe into facts regarding Petitioner's alibi, the actions and statements of the prosecutor, pre-trial investigations or facts surrounding whether certain evidence should be admitted when reviewing the original petition because there were no legal issues raised that required the court to review such matters.

Because the new ineffective assistance of counsel claims do not consist of the same "common core of operative facts" as the original Sixth Amendment claims, the new claims cannot relate back to the original petition and are therefore time barred.

### 3. Remaining Claims

Petitioner also seeks to add the following claims: (1) prosecutorial misconduct due to improper vouching, improper bolstering and failure to investigate possible perjury by a prosecution witness, (2) denial of the right to present a defense due to inability to admit certain video and photo evidence, (3) alibi defense and (4) ineffective assistance of appellate counsel for failure to adequately represent her at oral argument before the Michigan Court of Appeals and for failure to raise all claims presently being raised as

16

"dead bang winners." For the reasons set forth above, these claims do not consist of the same "common core of operative facts" as the issues raised in the original petition. Accordingly, the new claims cannot relate back to the original petition and are therefore are also time barred.

### D. Motion to Stay Habeas Petition and Hold in Abeyance

Alternatively, Petitioner contends that should the court deny her motion to amend her habeas petition and that she be permitted to return to the state courts, exhaust the claims she is seeking to add and have this matter stayed and held in abeyance pending exhaustion of those claims. A prisoner who has not yet exhausted his or her state court remedies may ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *Pace v. DiGuglielmo,* 544 U.S. 409, 416 (2005), citing *Rhines v. Weber,* 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. In order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F.Supp.2d 668, 676 (E.D. Mich. 2002).

In this case, Petitioner cites the following reasons as her basis for failing to exhaust the above referenced state court claims: (1) lack of legal training, (2) her original habeas petition is a re-submission of her brief filed with the state appellate courts and (3) she very recently received assistance in improving upon the substance of

17

her petition. The court finds that Petitioner's explanation does not constitute "good cause" or demonstrate an exceptional or unusual circumstance. Lack of legal training does serve as a justifiable basis for failing to fulfill the exhaustion requirement in habeas cases and therefore, cannot constitute "good cause." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004). The remaining two reasons simply do not meet the criteria necessary to substantiate staying this matter and holding it in abeyance. Thus, following the dictates of *Rhines*, the court will not grant Petitioner's alternative request to stay this matter.

## V. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus to Supplement Claims Already Raised and to Add New Claims/Alternatively Allow Petitioner to Return to State Court Seeking Relief and Hold Present Petition in Abeyance" [Dkt. #21] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Evidentiary Hearing" [Dkt. #23] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Direct Respondent to Comply with Rule 5" [Dkt. #24] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 7, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522