**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

TRACY LYNN COWAN,

        Petitioner,

v.                                                       Case No. 06-CV-13846

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S**
**MOTION FOR RECONSIDERATION**

On August 29, 2006, Petitioner Tracy Lynn Cowan filed an application for petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner subsequently filed the following motions with the court: "Motion to Direct Respondent to Comply with Rule 5," "Motion for Evidentiary Hearing" and "Motion to Amend Petition for Writ of Habeas Corpus to Supplement Claims Already Raised and to Add New Claims/Alternatively Allow Petitioner to Return to State Court Seeking Relief and Hold Present Petition in Abeyance." Respondent filed an answer to the habeas petition on March 27, 2007 but no responses were filed with respect to the above referenced motions. On March 7, 2008, the court denied each of Petitioner's motions. The court also declined to stay the matter and hold it in abeyance pending the exhaustion of Petitioner's state court remedies. Pending before the court is "Petitioner's Motion for Reconsideration." For the reasons stated below, the court will deny the motion.

The court's order denying the above referenced motions was entered on March 7, 2008. Because Petitioner had only ten days to file a motion for reconsideration under

Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a)[1]. Therefore, Petitioner was required to submit her motion for reconsideration on or before March 24, 2008.[2] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Petitioner had given her motion to prison authorities to mail on March 24, 2008, her motion would be considered timely.

Petitioner signed her reconsideration motion on March 25, 2008 and her certificate of service indicates that she mailed the motion via "expedited legal mail through an authorized agent of Robert Scott Correctional Facility" on March 26, 2008. (Pet.'s Mot. at 20.) Therefore, Petitioner relinquished control of her reconsideration motion on March 26, 2008, two business days late. Even if the court uses the date Petitioner signed the petition as the mailbox rule date, it remains untimely as it still one day late. *See e.g., Hudson v. Martin,* 68 F.Supp.2d 798, 799, n. 2 (E.D. Mich. 1999).

---

[1] Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[2] The March 24, 2008 deadline takes into consideration the weekend dates of March 8-9, 15-16 and 22-23, 2008. It also takes into consideration March 21, 2008, which was Good Friday, and March 23, 2008, which was Easter Sunday.

As a result, Petitioner's motion is untimely and she has waived her opportunity for reconsideration. Accordingly,

IT IS ORDERED that "Petitioner's Motion for Reconsideration" [Dkt. # 30] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: April 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2008, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522