**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

TRACY LYNN COWAN,

        Petitioner,

v.                                                           Case No. 06-CV-13846

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY & MOTION TO PROCEED *IN FORMA PAUPERIS***

On August 29, 2006, Petitioner Tracy Lynn Cowan, filed an application for writ of habeas corpus with this court pursuant to 28 U.S.C. §2254. Petitioner subsequently filed the following motions with the court: (1) "Motion to Direct Respondent to Comply with Rule 5;" (2) "Motion for Evidentiary Hearing;" and (3) "Motion to Amend Petition for Writ of Habeas Corpus to Supplement Claims Already Raised and to Add New Claims/Alternatively Allow Petitioner to Return to State Court Seeking Relief and Hold Present Petition in Abeyance." Respondent filed an answer to the habeas petition on March 27, 2007, but has failed to respond to the above referenced motions. On March 7, 2008, the court denied each of Petitioner's motions. The court also declined to stay the matter and hold it in abeyance pending the exhaustion of Petitioner's state court remedies. Petitioner then filed a "Motion for Reconsideration" which was denied on April 14, 2008, because it was untimely filed. Pending before the court are Petitioner's "Motion for Certificate of Appealability" and "Motion for Leave to Appeal *In Forma*

*Pauperis*" relative to this court's decision to deny Petitioner's motion for reconsideration. For the reasons stated below, the court will deny each of Petitioner's motions.

Petitioner raises two points. First she asserts that the court erred in denying her motion for reconsideration under Fed. R. Civ. P. 59(e)[1] which only applies to final orders and judgments; conceding the point that the court's order regarding her motion for reconsideration was not a final order. Secondly, she claims that her reconsideration motion should have been construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), in light of her *pro se* status, so as to circumvent the untimeliness issue. Petitioner's arguments fail on three fronts.

First, the court did not cite to rely upon Federal Rule of Civil Procedure 59(e) in denying Petitioner's reconsideration motion. The court relied upon Eastern District of Michigan Local Rule 7.1(g)(1) and Federal Rule of Civil Procedure 6(a) in its conclusion that Petitioner's reconsideration motion was untimely. *Cowan v. Stovall,* No. 06-13846, 2006 WL 1735292, *1 (Mich. Ct. App. April 14, 2008).

Second, Federal Rule of Civil Procedure 60(b) states in pertinent part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final judgment, order, or proceeding* . . . Fed. R. Civ. P. 60(b) (emphasis added). Petitioner concedes, and the court agrees as set forth more fully below, that the April 14, 2008 order denying reconsideration is not a final order. Therefore, it would be

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

2

erroneous to construe Petitioner's reconsideration motion as one being filed under Federal Rule of Civil Procedure 60(b).[2]

Finally, the relevant statutory law which governs the issuance of certificates of appealability for purposes of this case, 28 U.S.C. §2253(a) & (c)(1), states as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, *the final order shall be subject to review*, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> * * *
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) *the final order in a habeas corpus proceeding* in which the detention complained of arises out of process issued by a State court; or
>
> (B) *the final order in a proceeding under section 2255.*

28 U.S.C. §2253(a) & (c)(1) (emphasis added). Pursuant to 28 U.S.C. §1291[3] the court of appeals may exercise jurisdiction only over final orders or certain collateral or interlocutory orders as described in 28 U.S.C. §1292 (i.e., interlocutory orders appointing receivers, certain interlocutory orders in admiralty cases, etc.). A decision "is

---

[2] Even if the court were to construe Petitioner's motion for reconsideration as a Rule 60(b) motion, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 384 (6th Cir. 2001). Upon the court's review of Petitioner's motion for reconsideration, the arguments presented by Petitioner do not fall within this framework. Instead, Petitioner provides additional argument in support of her discovery motions and embellishes upon arguments that were originally made when the motions were filed. Petitioner's motion does not persuade the court that she is entitled to the relief requested.

[3] "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . " 28 U.S.C. §1291 (emphasis added).

3

final for purposes of appeal only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by of execution what has been determined." *Parr v. United States,* 351 U.S. 513, 518 (1956). Therefore, if an order denying a motion for rehearing and reconsideration does not terminate the habeas corpus proceeding, it is not appealable as a "final decision" where the habeas corpus application is still pending. *Poe v. Gladden,* 287 F.2d 249, 250 (9th Cir. 1961).

In this case, Petitioner's motion for reconsideration requested that this court review its decision to deny her motions regarding Rule 5 materials, an evidentiary hearing, amending her petition, and holding the petition in abeyance. Any ruling made on these issues would not have disposed of Petitioner's habeas petition. Likewise, a ruling on Petitioner's motion for reconsideration of what amounts to a series of discovery motions would not terminate the habeas proceedings presently before the court, and is therefore not final. Consequently, 28 U.S.C. §2253(a) & (c)(1) precludes the court from granting such relief because the order from which Petitioner seeks relief is not a final order and is not subject to appellate review. *U.S. ex. rel. Stachulak v. Coughlin,* 520 F.2d 931, 933 (7th Cir. 1975).

Regarding Petitioner's request to pursue this matter *in forma pauperis,* for the reasons stated in this order, the court finds that an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Petitioner is not certified to pursue an appeal from this order *in forma pauperis.* 28 U.S.C. §1915(a)(3). Accordingly,

4

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 33] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Appeal *In Forma Pauperis*" [Dkt. # 34] is DENIED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522