**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

TRACY LYNN COWAN,

        Petitioner,

v.                                                          Case No. 2:06-CV-13846

CLARICE STOVALL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS***

Pending before the court is Petitioner Tracy Lynn Cowan's Petition for Writ of Habeas Corpus, filed August 29, 2008. Now incarcerated at Robert Scott Correctional Facility in Plymouth, Michigan as a state inmate, Petitioner was convicted on July 10, 2003, of possession with intent to deliver more than 650 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(1); possession with intent to deliver marijuana, Mich. Comp. Laws § 333.7401(2)(d)(3); and two counts of felony-firearm, Mich. Comp. Laws § 750.227b, in Oakland County Circuit Court. She was sentenced on August 6, 2003 to "a mandatory minimum term of 20 to 40 years on the cocaine conviction and 6 to 24 months on the marijuana conviction, each of which follows and runs consecutively to concurrent terms of two years in prison on each felony firearm conviction." *People v. Cowan,* No: 250838, 2005 WL 119811, *1 (Mich. Ct. App. Jan. 20, 2005). Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the

reasons stated below, the court will deny the petition and will additionally deny a certificate of appealability and leave to proceed *pro se* on appeal.

## I. BACKGROUND

This case arises from a controlled narcotics purchase involving the use of an informant. One of the sources of cocaine was Petitioner's residence on Appoline Street in Detroit. After monitoring the Appoline home, law enforcement obtained an affidavit and warrant and executed a search of the premises. Law enforcement also seized additional narcotics, drug paraphernalia, and firearms from the home. Petitioner and co-defendant Terrell Bell were initially charged and bound over for trial. Tamir Bell was another co-defendant in this matter but was not a named-party defendant in the trial proceedings (Trial Tr. 161, July 8, 2003), and he subsequently entered into a plea arrangement and pleaded guilty. Following the swearing in of Terrell Bell's jury,[1] but before the start of trial, Terrell Bell entered into a plea agreement and also pleaded guilty. (Trial Tr. 152, 154-55, July 8, 2003.) After a trial in Oakland County Circuit Court, a jury then convicted Petitioner of possession with intent to deliver more than 650 grams of cocaine, possession with intent to deliver marijuana, and two counts of felony firearm.

Petitioner filed an appeal of right in state court and raised the following claims:

a) The trial court erred in denying defendant's request for a *Franks* hearing and in denying her motion to suppress the evidence discovered by the execution of the search warrants.

---

[1] The parties filed a motion to sever the trial of Petitioner and Terrell Bell. The trial court, however, denied the request for separate trials but nonetheless ruled separate juries were warranted. (Hr'g Tr., Feb. 19, 2003.)

b) Defendant's lawyer's failure to perform at an objective standard of reasonable competence prejudiced defendant and violated her federal and state constitutional rights to the effective assistance of counsel.

c) The trial court erred in declining to sentence defendant pursuant to the amended narcotics statutes because defendant was not convicted until after those amendments' effective date.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Cowan,* 2005 WL 119811 at *1. Petitioner filed an application for leave to appeal with the Michigan Supreme Court and raised the same issues as those presented before the Michigan Court of Appeals. *People v. Cowan,* 702 N.W.2d 579 (Mich. 2005). The Michigan Supreme Court denied Petitioner's application for leave in a standard order. *Id*. Now Petitioner seeks a writ of habeas corpus challenging her convictions on the same grounds asserted in the Michigan appellate courts.

Respondent has filed an answer to the petition, asserting that Petitioner's claims are either not cognizable for habeas review or the state courts were not objectively unreasonable in their application of clearly established Supreme Court law.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). Therefore, a state court's adjudication of a petitioner's claims binds federal courts unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ: the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

The Supreme Court explained the proper application of the "contrary to" clause:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly

established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; *see also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III. DISCUSSION

### A. Fourth Amendment

Petitioner contends that the trial court erred when it denied her motion for a *Franks*[2] hearing and her motion to suppress physical evidence. (Hr'g Tr. 27, Feb. 19, 2003.) The Michigan Court of Appeals considered and rejected Petitioner's claim:

---

[2] *Franks v. Delaware,* 438 U.S. 154 (1978).

5

> A trial court should only grant a hearing under *Franks* if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that the issuing magistrate substantially relied on the statement in issuing the warrant. *Id.* As the prosecution has reiterated at every stage of defendant's challenge to the affidavit, defendant has not demonstrated that any statement in the affidavit is actually false. While the sequence of events in the affidavit do not strictly conform to the detailed testimony elicited at trial, the important facts were that the source emerged from defendant's residence with several ounces of cocaine, indicated this fact to the informant, and took the cocaine back to his own house where he said he would "cook it up." Defendant fails to present any indication that these essential facts were false.
>
> Defendant further claims that an omission of information suffices to establish a false statement, but defendant fails to demonstrate anything that would constitute a serious omission from the affidavit. The facts contained in the affidavit were confirmed by surveillance, so that the fact the informant had drug charges pending, or even a drug conviction, would not seriously discredit the information he provided and would likely bolster his overall credibility. Therefore, the trial court did not err when it held that defendant failed to make a sufficient showing of false statement or omission that would justify a hearing. [*Franks v. Delaware,* 438 U.S. 154, 155-156; 98 S. Ct. 2674; 57 L.Ed.2d 667 (1978)].

*Cowan,* 2005 WL 119811 at *2.

In support of Petitioner's argument she makes two conclusory statements. First, she claims "[a]ffiant's statement is void of any details as to what personal observations he has made of the [confidential informant], and why those observations equate with a finding of reliability." (Pet. Attach. B, at 3.) Second, Petitioner states, "the affiant had made material omissions and misstatements in reckless disregard for the truth." *Id.* at 4. Petitioner fails to support these statements with any substantive evidence.

However, Petitioner's argument would fail even with substantive support. Upon review of Petitioner's Fourth Amendment claim, the court finds that it is meritless under the *Stone v. Powell* doctrine. *Stone v. Powell,* 428 U.S. 465 (1976). In *Stone v. Powell,*

6

the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure, as long as the state has given the petition a full and fair opportunity to litigate the Fourth Amendment claim. *Id.* at 489; *see also Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For the rule of *Stone v. Powell* to apply, the state must have provided some mechanism by which to raise the Fourth Amendment claim, and the mechanism must not have failed in a manner that frustrated presentation of such claim. *See Gilbert Parke*, 763 F.2d 821, 8323 (6th Cir. 1985). If the state satisfies these two requirements, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state court determination of the claim to have been in error. *Id.* at 824.

In the present case, the court finds that Petitioner has not satisfied either requirement of the Sixth Circuit standard. First, it is undisputed that Michigan has a state procedural mechanism that allows an opportunity to raise a Fourth Amendment claim before trial. Typically, a state court addresses such claims before trial in a suppression hearing. *See People v. Ferguson,* 135 N.W.2d 357, 358-59 (Mich. 1965) (holding that motions to suppress must be timely made where the factual circumstances constituting the illegal seizure are known to the defendant in advance of trial). In fact, defense counsel filed a consolidated motion to quash the search warrant and request a *Franks* hearing with the trial court. The court held a hearing and denied the motion:

> [T]he Court has considered the arguments of the parties and evidence presented and finds the affidavit for the Search Warrant provides a substantial basis for finding a probable cause in this case. More specifically, the affidavit as a whole provides sufficient information so that a reasonably cautious person could conclude there was a substantial

7

basis that the objects sought would be found in the App[o]line residence where the uncontested facts reveal that a confidential informant was taken to the App[o]line residence for only a few minutes after indicating a desire to buy cocaine and then taken back to another residence and sold cocaine.

Furthermore, even if the purported false statement found at paragraph 3I[3] was deleted from the affidavit, the affidavit still contains sufficient facts to support probable cause to search. The Court also finds that even if the officer was not positive of where the cocaine came from there was still sufficient information to support a finding of probable cause that the drugs came from the defendant's residence on App[o]line.

(*Franks* Hr'g Tr. 11-12, Mar. 25, 2003.)

Second, the record does not support the conclusion that a failure of the state's mechanism frustrated presentation of Petitioner's Fourth Amendment claim. Therefore, on habeas review, this court may not re-examine Petitioner's Fourth Amendment claim that post-arrest evidence should have been suppressed as "poisonous fruit" of her illegal arrest because the state provided an opportunity for full and fair litigation of Petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005).

Petitioner has therefore not asserted a Fourth Amendment claim that the drugs and drug paraphernalia seized from the Appoline residence were the products of an illegal arrest when she raised the factual basis for this claim in the state trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting her claim. *Id.; see also Lovely v. Jackson,* 337 F.

---

[3] "That in September, 2002 affiant accessed the Michigan Secretary of State records department (SOS) and submitted the name Tamir Tauheed Bell with a DOB of ---- (SOS) indicated that Tamir Tauheed Bell ---- resides at 23510 Clarita St in the City of Detroit. Bell is described as being 6"00, 168 lb male with brown eyes and black hair." (Aff. for Search Warrant 3I.)

8

Supp. 2d 969, 976 (E.D. Mich. 2004). The court will therefore deny habeas relief.

## B. Ineffective Assistance of Counsel

Petitioner next contends that trial counsel ineffectively failed to: (1) object to drug profile evidence offered as substantive evidence of guilt; (2) object to the improper opinion testimony of Detective Kevin Cronin that Petitioner was guilty; (3) comply with the circuit court's discovery orders; (4) familiarize himself with the facts of Petitioner's case; (5) elicit damaging testimony during cross-examinations; and (6) preclude other irrelevant and prejudicial testimony. The Michigan Court of Appeals considered and rejected Petitioner's claim and stated as follows:

> Here, the errors cited by defendant are either nonexistent or do not amount to prejudicial error. Defendant first argues that trial counsel failed to object to "profiling" evidence introduced by the prosecution through the detective in charge of the investigation. As an initial matter, the decision to stipulate to the detective's credentials rather than allow the prosecutor to bolster his witness with extensive voir dire was sound trial strategy. Further, the evidence introduced was not impermissible "profiling" evidence, but expert background information about how some of the household items found near the drugs related to the drug trade and whether the volume and expense of the drugs found in defendant's home were consistent with personal use of distribution.
> 
> Defendant also claims that her trial counsel prejudicially erred by eliciting testimony from the informant that he actually saw the cocaine that his source obtained from defendant's house. However, the record to that point, including the warrant affidavit, only indicated that the source told the informant what he had obtained at the house. Given the extensive development of the record before trial, defendant fails to demonstrate how any further investigation by counsel would have been reasonable or productive. Therefore, we will not fault defense counsel for exploring at trial a factual issue that he could reasonably anticipate would strongly favor his client. Likewise, the introduction of evidence regarding "stash houses" was central to the theory that defendant was ignorant that the drugs were in her home, so its introduction was important and did not inappropriately "open the door" to other damaging testimony. The trial court's refusal to allow video footage of defendant's basement was likewise unrelated to any error by trial counsel and moreover, did not

9

> prejudice defendant. The tape's footage was hopelessly confusing and added little to the still photographs and testimony that defendant later introduced. MRE 403.
>
> Finally, defendant argues that her trial counsel should have objected to the introduction of an interrogating officer's testimony that he believed defendant knew about the drugs in her house. The testimony followed the prosecutor's introduction of a videotape recording of defendant's interrogation where the officer stated that he did not believe defendant had anything to do with the drugs. The officer explained at trial that his statements during the interview were merely investigative subterfuge and did not reflect his actual views. The evidence of the officer's opinion was relevant to explain the earlier comments on the tape and the prosecutor narrowly tailored her questions to that end. The evidence was not framed as an expert opinion of the ultimate question, nor did it have that authoritative thrust. During cross-examination, defense counsel strategically used the evidence of the officer's equivocation to undermine his credibility. Therefore, defendant fails to demonstrate any error in her trial counsel's decision to allow the evidence to stand. The cases cited in defendant's appellate brief deal with prosecutors vouching for witnesses and are inapposite to the issue. Because defendant fails to point to anything in the record that supports her claims of prejudicial error, we do not find ineffective assistance.

*Cowan,* 2005 WL 119811 at *2, *3.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

First, Petitioner alleges her counsel was ineffective in not objecting to the use of drug profile evidence. The court notes that evidence of the practices of drug traffickers is admissible evidence. *United States v. Combs,* 369 F.3d 925, 940 (6th Cir. 2004) (citing *United States v. Pearce,* 912 F.2d 159, 163 (6th Cir. 1990) ("We have held that 'law enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes. Knowledge of such activity is generally 'beyond the understanding of the average layman.'") (citations omitted)).

Petitioner relies upon Officer Richard Wehby's testimony about the significance

of the packaging materials that were seized from the Appoline home; the fact that the amount of cocaine seized from the Appoline residence is inconsistent with personal use; and the fact that the Appoline residence may have been used as a "stash house" in support of her position that this testimony constituted drug profile evidence that should have been objected to by defense counsel. (Trial Tr. 208, 216-17, 246-47, July 8, 2003.) Upon review of Officer Wehby's testimony, the court does not find that he testified regarding the intent of Petitioner to distribute drugs, but rather, regarding evidence and conduct that would be consistent with an intent to distribute. See *Combs,* 369 F.3d at 940. Because the court does not find the offered testimony to be drug profile evidence constituting substantive evidence of Petitioner's guilt, defense counsel's failure to object to the admission of such testimony does not constitute objectively unreasonable conduct.

Second, Petitioner asserts that defense counsel failed to object to Detective Officer Kevin Cronin's opinion testimony as to the ultimate issue in the case, i.e., the identification of Petitioner as the guilty party. (Trial Tr. 352, 384-85, July 8, 2003.) The court finds that Detective Cronin's testimony did not constitute an opinion about Petitioner's guilt. Rather, it served as an explanation regarding his interrogation of Petitioner and the tactics he used for the purpose of obtaining a statement from Petitioner regarding drug trafficking involvement.

Generally, no prohibition exists to prevent a witness from offering opinion testimony that addresses an ultimate issue in the case. Both the Michigan and Federal Rules of Evidence permit such testimony. Fed. R. Evid. 704(a); Mich. R. Evid. 704. At a minimum, there is no clearly established federal law as determined by the Supreme

12

Court which suggests that the admission of such evidence violates the Constitution, *see Hopp v. Burt,* No. 03-10153, 2007 WL 162248, at *9 (E.D. Mich. Jan. 16, 2007), as required for relief under § 2254(d)(1). The Michigan Court of Appeals held that the admission of Detective Cronin's testimony was not an improper personal opinion of guilt, but relevant evidence necessary to explain the content of the audio/video tape recorded during Petitioner's interrogation. The court finds that the state court's resolution of this claim was not contrary to or an unreasonable application of Supreme Court precedent.

Finally, Petitioner contends that defense counsel was ineffective because he did not comply with discovery orders, was not sufficiently familiar with the facts of her case, elicited damaging testimony during his cross-examination, and opened the door to the admission of irrelevant and prejudicial testimony. Petitioner's arguments in support of her ineffective assistance of counsel claims fail to meet the *Strickland* standard.

In an effort to substantiate her claims Petitioner states the following: (1) had a proper objection been made by defense counsel to testimony elicited by Shannon Portis, the confidential informant, which linked the seizure of drugs and drug paraphernalia from a Clarita address to the Appoline residence, "it is likely that this evidence would have been excluded"; (2) the trial court ruled that a videotape, which showed the layout of the Appoline residence basement and would have been helpful to the jury, could not be shown to the jury because defense counsel failed to comply with discovery procedures and did not provide a copy to the prosecution; (3) defense counsel's "examination of witnesses indicated an ignorance of the prior testimony"; and (4) "[n]one of the evidence of Mr. Bell's possession of narcotics at Appoline should have

13

been admitted and it was erroneous for counsel to elicit such evidence." (Pet. Memo. at 26-27.)

These arguments do not show that defense counsel's performance was deficient to the point of being deprived of counsel as guaranteed by the Sixth Amendment, nor has Petitioner demonstrated that her defense was compromised to the point of being deprived of a fair trial. See *Strickland,* 466 U.S. at 687. Petitioner's arguments are speculative and conclusory at best. Regarding the videotape, the trial court stated that although the jury being able to see the layout of the Appoline basement would have been helpful, the video footage at issue would have been a source of confusion for the jury. (Trial Tr. 443, July 10, 2008.) The trial court judge indicated that after his own review of the tape five to eight times, he was unable to make any sense of it. *Id.* Therefore, the court finds that habeas relief is not warranted for Petitioner's ineffective assistance of counsel claim.

### C. Sentencing

Petitioner maintains that the trial court erred when it sentenced her in accordance with an older version of Mich. Comp. Laws § 333.7401, that was in effect at the time of Petitioner's arrest, and required that she serve a minimum term of twenty years' imprisonment. Petitioner asserts that she should have been sentenced under the amended version of the statute, which is more lenient and gives the trial judge discretion to sentence a defendant to a prison for *any* term of years.[4] The Michigan Court of Appeals rejected this argument:

---

[4] In addition to or separate from the prison term, Mich. Comp. Laws § 333.7401(2)(a)(i) includes the assessment of a fine of not more than $1,000,000.00.

> Defendant's argument fails because this case is on all fours with our recent decision in *People v. Thomas*, 260 Mich. App. 450, 457-459; 678 N.W.2d 631 (2004)[5], where we held that the sentencing court properly applied the minimum sentence contained in the statute's earlier version.

*Cowan,* 2005 WL 119811 at *3.

The alleged error of state law as announced in *Thomas* is not a cognizable claim on habeas review. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the trial court improperly sentenced her under an amended state statute, and that there is state case law to support its prospective application of the statute, presents an issue of state law only. Because Petitioner has not demonstrated that she has been denied fundamental fairness during her trial process, habeas relief is not warranted.

### D. Certificate of Appealability and *In Forma Pauperis*

---

[5] "We observe that there is no language in either amended statute indicating that the elimination of the mandatory minimum sentence in § 333.7401(2)(a)(iii) was intended to apply to defendants who committed their offenses and were sentenced before March 1, 2003. Additionally, we note that the plain language of § 791.234 specifically provides that individuals *previously convicted* under § 333.7401(2)(a)(iii) may become eligible for parole "after serving the minimum of each sentence imposed for that violation or 5 years of each sentence imposed for that violation, whichever is less."

"It appears plain that the Legislature has specifically provided relief-in the form of early parole eligibility-for individuals, such as defendant, who were convicted and sentenced before the amendatory act became effective. Because the Legislature declined to specifically apply the amended sentencing provisions of § 333.7401(2)(a)(iii) retroactively and instead specifically provided early parole eligibility to such defendants, we decline defendant's invitation to ignore the plain language of the statute." *Thomas,* 260 Mich. App. at 458.

A district court in its discretion may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed in order to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 90 (quoting *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,' the district judge is, at that point, often best able to determine whether to issue the COA.")).

The statutory standard for issuing a COA allows the court to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "show [ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists could not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

The court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal because any appeal of the court's decision would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the court will also deny leave to

proceed *in forma pauperis* on appeal.

## IV. CONCLUSION

Petitioner has not established that she is in the custody of the State of Michigan in violation of the Constitution or laws of the United States. Accordingly,

IT IS ORDERED that the Petitioner's Petition for Writ of Habeas Corpus [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed *in forma pauperis* on appeal is also DENIED.


                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 30, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2008, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522