**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

TRACY LYNN COWAN,

        Petitioner,

v.                                     Case No. 2:06-CV-13846

CLARICE STOVALL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION, MOTION FOR CERTIFICATE OF APPEALABILITY,
AND APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Petitioner Tracy Lynn Cowan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging her convictions for possession with intent to deliver more than 650 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(1); possession with intent to deliver marijuana, Mich. Comp. Laws § 333.7401(2)(d)(3); and two counts of felony-firearm, Mich. Comp. Laws § 750.227b. On September 30, 2008, the court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability and Leave to Proceed *In Forma Pauperis* on Appeal." Petitioner has filed a "Motion for Reconsideration," a "Motion for Certificate of Appealability," and an "Application to Proceed *In Forma Pauperis* on Appeal." The court will deny each of Petitioner's motions.

## I. Motion for Reconsideration

A court may grant a motion for reconsideration when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

In her motion for reconsideration, Petitioner asks the court to grant her motion in order to review the following issues: (1) Petitioner's Fourth Amendment claim regarding the suppression of drugs and drug paraphernalia seized from the Appoline residence; (2) the prejudicial effect of Detective Kevin Cronin's opinion testimony; (3) Petitioner's request to stay this matter and return to the state courts; (4) the discovery of new evidence; (5) the misrepresentations made by the prosecutor regarding Petitioner's sentence; and (6) the ineffective assistance of appellate counsel for failing to appear for oral argument, failing to obtain all discovery materials, and failing to raise issues which were "dead bang winners."

In its September 30, 2008 Order, the court ruled on the first two claims Petitioner presents in her motion for reconsideration. First, the court denied relief for Petitioner's Fourth Amendment claim because it was meritless under *Stone v. Powell,* 428 U.S. 465 (1976). Second, the court did not agree that Detective Kevin Cronin's testimony included prejudicial opinions about Petitioner's guilt, but rather the testimony served as

an explanation regarding his interrogation of Petitioner and the tactics he used to obtain a statement from Petitioner about her drug trafficking involvement.

Third, the Petitioner raised the issue of staying this matter in a motion filed with the court on April 20, 2007. The court denied relief because the court found that Petitioner did not demonstrate "good cause" to substantiate a stay of proceedings. Petitioner filed a motion for reconsideration, and the court again denied relief on April 14, 2008. Petitioner then filed a motion for a certificate of appealability regarding this issue, which the court denied on July 18, 2008. Petitioner also filed an appeal with the Sixth Circuit Court of Appeals, which the Sixth Circuit dismissed on June 10, 2008. The issue of stay and abeyance has already been reconsidered and appealed. The court will not revisit the issue again.

Because the first three claims Petitioner presents are issues that the court has already ruled upon, Petitioner's arguments for reconsideration amount merely to a disagreement with the court's decisions. A motion for reconsideration predicated on such grounds is insufficient to grant a motion for reconsideration. L.R. 7.1(g)(3); *see also Meekison v. Ohio Dept of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998)*.* Petitioner's arguments do not present a "palpable defect" by which the court was misled, and the correction of which would result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g)(3). Accordingly, the court will deny Petitioner's motion with respect to these claims.

Petitioner's fourth, fifth, and sixth claims regarding new evidence, prosecutorial misconduct, and ineffective assistance of appellate counsel are issues Petitioner did not raise in her habeas petition, and Petitioner now presents them to the court for habeas

3

review for the first time. Consequently, Petitioner cannot point to a "palpable defect" in the court's ruling relative to these issues. They were not part of the court's initial review, and a motion for reconsideration is an improper method for bringing them to the court's attention. Therefore, the court will deny Petitioner's motion with respect to these claims.

**II. Certificate of Appealability and Application to Proceed *In Forma Pauperis***

Petitioner has also filed a motion for certificate of appealability[1] and an application to proceed *in forma pauperis* on appeal, raising a subset of the issues already addressed in her motion for reconsideration. In the court's September 30, 2008 Order denying habeas relief, the court declined to issue a certificate of appealability or grant leave to proceed *in forma pauperis* on appeal . Therefore, the court has already ruled upon these issues, and the court will deny the requested relief.[2]

The court previously concluded that reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). The court also determined that it should not grant Petitioner leave to proceed *in forma pauperis* on appeal because any appeal of the court's decision would be frivolous. See Fed. R. App. P. 24(a). Therefore, Petitioner's arguments again amount to a disagreement with the court's decision, which is an insufficient basis to substantiate

---

[1] In addition, Petitioner filed an "Amendment to Motion for Certificate of Appealability" on November 4, 2008.

[2] To the extent that Petitioner's motions are construed as additional motions for reconsideration, the court's ruling remains unchanged.

reconsideration of these issues.  *See Meekison,* 181 F.R.D. at 572.  Petitioner has failed to demonstrate that the court's decision denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal was based upon a "palpable defect" by which the court was misled, and the correction of which would result in a different disposition of the case.  *See* E.D. Mich. LR 7.1(g)(3).

### III.  Conclusion

For the reasons stated above, IT IS ORDERED that Petitioner's  "Motion for Reconsideration" [Dkt. # 44] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 47] is DENIED.

Finally, IT IS ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis* on Appeal" [Dkt. # 48] is DENIED.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2008, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522