UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LYNN COWAN,

    Petitioner,

v.                                        Case No. 06-13846

CLARICE STOVALL,

    Respondent.
                                          /

**OPINION AND ORDER (1) GRANTING IN PART MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (2) GRANTING MOTION TO ALLOW PETITIONER TO RETURN TO STATE COURT, (3) STAYING AND HOLDING IN ABEYANCE THE PETITION, AND (4) CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

This case returns to the district court after the court's September 30, 2008 judgment was affirmed in part, reversed in part, and remanded by the United States Court of Appeals for the Sixth Circuit. The court of appeals handed down its decision in *Cowan v. Stovall*, 645 F.3d 815 (6th Cir. 2011) on July 19, 2011, and the mandate followed on August 11, 2011. In accordance with that opinion, the motion to amend will be granted with respect to Petitioner's ineffective-assistance-of-counsel claim based on a theory of counsel's failure to interview certain witnesses. Following the recommendation of the court of appeals, and finding "good cause" for Petitioner's failure to first present her claim to the Michigan courts, the court will stay the matter and hold it in abeyance, allowing Petitioner to return to state court to exhaust her failure-to-interview claim. For the same reasons, Petitioner's recently filed "Motion to Allow Petitioner to Return to State Courts Seeking Exhaustion of New Claims by Way of

Motion for Relief from Judgment Under MCR 6.500 and Hold Habeas Petition in Abeyance" will be granted. The case will be closed for statistical purposes while Petitioner exhausts the claim.

## I. BACKGROUND

On March 7, 2008, the court issued an opinion and order that, among other actions, denied Petitioner's motion to amend her petition. The court held, among other findings, that Petitioner's ineffective-assistance-of-counsel claim premised on counsel's failure to interview witnesses, which she sought to add in a motion to amend filed after the one-year statute of limitations had run, was time barred because it did not relate back to the original petition. *See Cowan v. Stovall*, No. 06-CV-13846, 2008 WL 659715, at *7-*9 (E.D. Mich. Mar. 7, 2008). The court of appeals disagreed, holding the failure-to-interview claim does relate back to the original petition, and is therefore timely. *Cowan*, 645 F.3d at 818-20. The court of appeals reversed on that ground, but affirmed the judgment in all other respects. *Id.* at 817. Thus, the court will grant the motion to amend with respect to the failure-to-interview claim.

Observing that the failure-to-interview claim is unexhausted, the court of appeals went on to find that Petitioner's claim was not plainly meritless, and therefore could not be rejected out of hand. *Id.* at 820. The court then remanded the matter to this court for a determination of the procedural course to follow, stating:

> [T]wo options remain: first, dismiss the claim without prejudice while Cowan pursues it in state court, in which case the claim might be time-barred if she later returns with it to federal court, *see* 28 U.S.C. § 2244(d); or second, stay her petition (which now comprises only this claim) and hold it in abeyance while she returns to state court. *See* [*Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).] Under that approach Cowan could return later to federal

> court for a ruling on the merits of this claim if the state courts deny relief on it.
>
> Given the nature of the claim here, it is hard to disagree with the road map laid out in *Wagner*: if "Petitioner can show good cause for failing to present th[is] claim[ ] to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court[.]" *Id.* (quoting *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)). In any event, we remand the claim so that the district court can decide in the first instance what to do with it.

*Id.* at 820-21 (alterations in second paragraph in original).

On August 19, 2011, the court invited Respondent to file a response to the question posed by the court of appeals, that is, whether the petition should be stayed and held in abeyance. That same day, Petitioner filed a motion that asks the court to stay the petition and hold it in abeyance while she exhausts her failure-to-interview claim, arguing in essence that she had good cause for failing to previously raise it before the state courts. On August 29, 2011, Respondent filed a "Supplemental Answer in Opposition to Motion to Stay and Abey," asserting that Petitioner cannot establish good cause because she knew about the potential evidence available through the interviews at the time of her direct appeal in the state court.

## II. DISCUSSION

Because the Petitioner has shown good cause for failing to present her failure-to-interview claim to the state court, the court will follow the sound recommendation of the court of appeals to grant a stay and hold the petition in abeyance while Petitioner returns to state court to present her claim.

"In *Rhines*, the Supreme Court noted that the 'stay and abeyance' method should only be available in instances where the petitioner can: 1) show good cause for failing to

3

present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'" *Wagner*, 581 F.3d at 419 (citing *Rhines*, 544 U.S. at 277). As noted, the court of appeals has resolved the second leg of this analysis—finding that the Petitioner's claim is not plainly meritless—leaving for this court only the question of whether there was good cause for Petitioner's failure to present the claim to the state courts before petitioning for federal habeas relief. *Cowan*, 645 F.3d at 820-21.[1]

The Supreme Court did not define good cause in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, No. 2:10-CV-420, 2011 WL 2785244, at *3 (S.D. Ohio July 15, 2011) (report and recommendation) (citing *Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008) (adopting report and recommendation)). A number of federal courts have concluded that the *Rhines* good-cause requirement is less stringent than the good-cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, No. 09-10145, 2009 WL 5217592, at *3 (E.D. Mich. Dec. 28, 2009) (adopting report and recommendation) (holding that "good cause under *Rhines* is something less than the 'cause' needed to excuse a procedural default"); *Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying "a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default"); *cf.*

---

[1] The court finds there is no evidence that Petitioner "engaged in intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 278. Thus, a stay and abeyance is appropriate if there was good cause for Petitioner's failure to first present her claims to the Michigan courts.

*Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (holding that good-cause standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

The court finds good cause. Petitioner is pro se, and her filings convey her "ignoran[ce] to law, especially when it comes to grappling [with] federal constitutional claims, the strange relationship between federal and state courts, [and] exhaustion and fair presentation of claims." (Mot. Amend at 15). The good-cause requirement "is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner," *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (internal quotation marks omitted), who "do[es] not come well trained to address [exhaustion] matters," *id.* at 279 (Souter, J., concurring in part and concurring in the judgment). The Supreme Court has written, in dictum, that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). As many experienced attorneys may on occasion find themselves confused wading through the morass of the exhaustion doctrine, it comes as no surprise that Petitioner can easily demonstrate reasonable confusion about where and when to file. *See Whitley v. Ercole*, 509 F. Supp. 2d 410, 419-20 (S.D.N.Y. 2007). This reasonable confusion is particularly likely where, as here, Petitioner has unexhausted claims mixed in with other ineffective-assistance-of-counsel claims. *See Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4428009, at *5-*8 (E.D. Mich. Sept. 30, 2008) (rejecting ineffective assistance claims on the merits in denying petition).

The court's conclusion is not affected by Respondent's argument that, because Petitioner knew of the factual predicate giving rise to her failure-to-interview claim at the time of her direct appeal, she cannot show good cause for her failure to raise it at that time, when she was represented by counsel. In light of the finding in the court of appeals that Petitioner's failure-to-interview claim "is anything but frivolous," *Cowan*, 645 F.3d at 820, Petitioner can show good cause on the theory that her appellate counsel was ineffective for failing to raise it on direct appeal, *see Wagner*, 581 F.3d at 419 & n.4, 5 ("At the very least, Petitioner seems to have a compelling 'good cause' argument that his appellate counsel was ineffective for failing to raise [his unexhausted] claims on appeal to the state court of appeals."); *Dunnuck v. Howes*, No. 1:09-cv-1163, 2010 WL 549535, at *4 (W.D. Mich. Feb. 10, 2010); *cf. Rhines*, 408 F. Supp. 2d at 848-49 (holding that petitioner is not required to show that "the assistance of counsel was so ineffective as to violate the Federal Constitution" in order to establish good cause under *Pace* and *Rhines*). Moreover, regardless of whether failing to raise the failure-to-interview claim constitutes ineffective assistance of appellate counsel, there is no reason to expect the pro-se Petitioner to know that her counsel should have raised this issue on direct appeal in order to fulfill the exhaustion requirement. *See Ramchair v. Conway*, No. 04 CV 4241(JG), 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005). As discussed above, Petitioner's reasonable confusion on this point constitutes good cause in and of itself.

Thus, even though the court previously found there was no good cause for the failure to present the claims to the state courts the first time around, *Cowan*, 2008 WL 659715, at *9, upon reconsideration of the matter in view of the decision of the court of

appeals and of the case law that has been handed down since that time, the court holds there was good cause. Therefore, the matter will be stayed and the petition held in abeyance. The court will set reasonable time limits for Petitioner to exhaust her claims and also to return to this court once they are exhausted. *See Rhines*, 544 U.S. at 277-78.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's motion to amend petition for writ of habeas corpus [Dkt. # 21] is GRANTED IN PART. It is GRANTED with respect to Petitioner's ineffective-assistance-of-counsel claim based on a theory of counsel's failure to interview certain key witnesses. This claim relates back to the original petition, and is now the only claim remaining in the pending petition.

IT IS FURTHER ORDERED that Petitioner's "Motion to Allow Petitioner to Return to State Courts Seeking Exhaustion of New Claims by Way of Motion for Relief From Judgment Under MCR 6.500 and Hold Habeas Petition in Abeyance" [Dkt. # 57] is GRANTED.

IT IS FURTHER ORDERED that the case is STAYED and the petition is HELD IN ABEYANCE pending exhaustion of the unexhausted claim, which is already before the Oakland County Circuit Court on Petitioner's motion for relief from judgment. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days following the conclusion of the state-court proceedings.

Finally, IT IS ORDERED that, to avoid administrative difficulties, the clerk of court is DIRECTED to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of

a motion to lift the stay following exhaustion of state remedies, the court will order the clerk to reopen this case for statistical purposes.

                                                 s/Robert H. Cleland
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: August 31, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2011, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-13846.COWAN.StayHoldInAbeyance.set.v2wpd.wpd